IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER BATCH,

        Plaintiff,

   v.

JOSEPH LAURICIA, *et al.*

        Defendants.

2:19-CV-01046-CCW

**<u>MEMORANDUM ORDER</u>**

This case has been referred to Chief United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On August 16, 2021, Chief Magistrate Judge Eddy issued a Report, ECF No. 75, recommending that: (i) the Westmoreland County ADAs' (Defendants James Lazar, Pete Carwello, and John Petrush) Second Motion to Dismiss for Failure to State a Claim, ECF No. 55, be granted in its entirety and Plaintiff's claims against the Westmoreland County ADAs be dismissed with prejudice; (ii) Judicial Defendants' (Defendants Christiann Flanigan and Christopher Feliciani) Second Motion to Dismiss, ECF No. 59, be granted in its entirety and Plaintiff's claims against the Judicial Defendants be dismissed with prejudice; and (iii) PSP Troopers' (Defendants Jason Morgan and Joseph Lauricia) Motion to Dismiss, ECF No. 61, be granted in part and denied in part. Service of the Report and Recommendation was made on the parties.  Objections to Report and Recommendation were due by August 30, 2021 with the

exception that objections to Report and Recommendation for Unregistered ECF Users were due by September 2, 2021.

On September 8, 2021, after a review of the pleadings and documents in the case, together with the Report and Recommendation, the Court **ORDERED** that (i) the Westmoreland County ADAs' Second Motion to Dismiss for Failure to State a Claim, ECF No. 55, is **GRANTED**; (ii) Judicial Defendants' Second Motion to Dismiss, ECF No. 59, is **GRANTED**; and (iii) PSP Troopers' Motion to Dismiss, ECF No. 61, is **GRANTED** with respect to Plaintiff's Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment claims, Plaintiff's claims for conspiracy under the Fourth Amendment for false arrest and malicious prosecution, and Plaintiff's constitutional defamation claim, all of which should be dismissed with prejudice, and **DENIED** with respect to Plaintiff's claim for First Amendment retaliation, claim for conspiracy under the First Amendment, and claims for common law defamation, intentional infliction of emotional distress and abuse of process.

The Court further **ORDERED** on September 8, 2021 that Chief Magistrate Judge Eddy's Report and Recommendation, ECF No. 75, was adopted as the Opinion of the District Court.

On September 16, 2021, Plaintiff, who is acting pro se, filed a document titled "Opposition to Report and Recommendation." ECF No. 78.

Although Plaintiff's Opposition is untimely, the Court will proceed to determine whether Chief Magistrate Judge Eddy's Report and Recommendation should be reaffirmed. Plaintiff argues that the "proper way to seek dismissal based on [an] affirmative defense under most circumstance is not to move to dismiss for failure to state [a] claim rather defendant should answer and then move for judgment on [the] pleadings." ECF No. 78 ¶ 5. Indeed, Chief Magistrate Judge

Eddy applied this standard when applying the Rule 12(b)(6) standard to Plaintiff's complaint—"[w]hen a defendant asserts an absolute immunity defense at the motion to dismiss stage, to earn the protections of absolute immunity, a defendant must show that the conduct triggering absolute immunity clearly appear[s] on the face of the complaint."  ECF No. 75 at 9 (citing *Fogle v. Sokol*, 957 F.3d 148, 161 (3d Cir. 2020)) (internal quotations omitted).  In analyzing Westmoreland County ADAs' and Judicial Defendants' claims of absolute immunity, Chief Magistrate Judge Eddy focused on the allegations on the face of the Plaintiff's complaint.  ECF No. 75 at 9-10 ("According to Plaintiff's complaint…," the Plaintiff simply describes "actions within [the Westmoreland County ADA Defendants'] duties as advocates during the judicial process.");  ECF No. 75 at 12 ("All the allegations in Plaintiff's complaint relate to conduct taken by the Judicial Defendants in their capacity as judicial officers.").  With respect to denial in part of the Plaintiff's claims[1] against the PSP Troopers, Chief Magistrate Judge found that Plaintiff had failed to state a claim with respect to his Sixth Amendment Speedy Trial claim, Eighth Amendment Cruel and Unusual Punishment claim,  Ninth Amendment claim, Fourteenth Amendment Due Process claim, conspiracy under the Fourth Amendment for false arrest and malicious prosecution claim, and constitutional defamation claim—not that the PSP Troopers were entitled to an affirmative defense.

Having reviewed Plaintiff's Opposition as part of a de novo review of the pleadings and documents in the case, together with the Report and Recommendation, the Court hereby reaffirms its September 8, 2021 ORDER, ECF No. 76, affirming the Chief Magistrate Judge's

---

[1] The Plaintiff agreed with the PSP Trooper's Fifth Amendment argument, as such it was deemed to be voluntary dismissed with prejudice.  ECF No. 75 at 17.

August 16, 2021 Report and Recommendation, ECF No. 75, and adopting it as the Opinion of the District Court.

    DATED this 17th day of September, 2021.


                              BY THE COURT:


                              /s/ Christy Criswell Wiegand
                              CHRISTY CRISWELL WIEGAND
                              United States District Judge




cc (via ECF email notification):

Christopher Batch
433 Parkwood Road Pittsburgh, PA 15210

All Counsel of Record

4